IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JILL L. MOORE and TYNEESHA A. MOORE,<br><br>             Plaintiffs<br><br>        v.<br><br>JURKO A. SEIBERLICH; ARTHUR L. SPAVENTA; BUTTERCUP FARMS, INC.; LEVEL 10 LOGISTICS, LLC and JOHN DOES 1-10.<br>             Defendants | CIVIL ACTION<br><br>DOCKET NO. |

### DEFENDANTS JURKO A. SEIBERLICH AND BUTTERCUP FARMS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Jurko A. Seiberlich and Buttercup Farms, Inc. ("Removing Defendants"), by and through counsel, give Notice of Removal of this action from the Superior Court of New Jersey, Camden County, to the United States District Court District of New Jersey and in support thereof, states as follows:

### REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446

1. This action was initially commenced by Plaintiffs, Jill L. Moore and Tyneesha A. Moore, in the Superior Court of New Jersey, Camden County, New Jersey. (See Plaintiff's Complaint, attached as Exhibit "A").

2. The Notice of Removal is being filed within 30 days after receipt by Removing Defendants where the complaint was served on December 26, 2017 and is removable in accordance with 28 U.S.C. § 1446(b)(3).

3. Pursuant to 28 U.S.C. § 1446(b)(d), upon filing of this Notice of Removal, Removing

Defendants will file a Notice of Filing of Notice of Removal in the State Court action pending in the Superior Court of New Jersey, Camden County, and will provide written notice to Plaintiff and co-defendant. (See Notice of Filing of Notice of Removal, attached as Exhibit "B").

## DIVERSITY OF CITIZENSHIP EXISTS UNDER 28 U.S.C. § 1332

4. At all material times, Plaintiffs, Jill L. Moore and Tyneesha A. Moore, were and are citizens of the state of New Jersey, currently residing in Cumberland County, New Jersey. (See Exhibit "A").

5. At all material times, Defendant Jurko A. Seiberlich was and is a citizen of the State of Pennsylvania, currently residing in Philadelphia County, Pennsylvania. (See Relevant Portions of Police Report, attached as Exhibit "C").

6. At all material times, Defendant Buttercup Farms, Inc. is a corporation organized under the laws of the State of Pennsylvania, with its principle place of business in Philadelphia County, Pennsylvania. (See PA Corporate Search Results, Exhibit "D").

7. At all material times, Co-Defendant Arthur A. Spaventa lives in Philadelphia, Pennsylvania. (See Exhibit "C").

8. At all material times, Co-Defendant, Level 10 Logistics, LLC is believed to be a limited liability company organized under the laws of the State of Missouri, with its principle place of business in Missouri. (See USDOT Search Results, Exhibit "E").

9. It is unknown whether Co-Defendants, Arthur A. Spaventa and Level 10 Logistics, LLC have been served as the affidavit of service has not been filed and/or docketed. As such, this Notice of Removal is filed within thirty (30) days of the only Defendants presently known to receive service in this matter.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. Plaintiffs' Complaint seeks recovery for damages for severe personal injuries alleged to be permanent in nature and further claims that they endured great pain and suffering, has been and will in the future be compelled to expend large sums of money for treatment and will lose large sums of money due to their inability to pursue their normal occupation. (See Exhibit "A").

11. It is Removing Defendants' understanding that Plaintiff Jill Moore will claim chronic pain to her low back and that she has incurred in excess of $17,000 in PIP medical expenses.

12. It is further Removing Defendants' understanding that Plaintiff Tyneesha Moore will allege chronic low back pain.

13. Plaintiffs have not made a settlement demand.

14. As such, the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, required by 28 U.S.C. § 1332(a).

## DIVERSITY JURISDICTION IS SATISFIED

15. Based upon the above, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that Plaintiff's Complaint presents a case where the amount in controversy is alleged to exceed $75,000 and the controversy exists between citizens of different states.

16. Removing Defendants will promptly file a copy of this Notice with the Clerk of the Superior Court of New Jersey, Camden County in the State Court Action as required by 28 U.S.C. § 1446(d) and provide written notice to Plaintiff.

17. In filing this Notice of Removal, Removing Defendants do not waive any defenses that may be available to them.

18. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**SALMON, RICCHEZZA, SINGER & TURCHI LLP**

By: _____
Zachary J. Ballard, Esquire
Arnold E. Capriotti, Jr., Esquire
Attorneys for Defendants,
Jurko A. Seiberlich and
Buttercup Farms, Inc.

Date: January 19, 2018

## CERTIFICATE OF SERVICE

I, Arnold E. Capriotti, Jr., Esquire, Attorney for Defendants, Jurko A. Seiberlich and Buttercup Farms, Inc. hereby certifies that I served a true copy of the foregoing Notice of Removal on the foregoing counsel by U.S. Mail, postage pre-paid:

> Deborah S. Dunn, Esquire
> 401 Route 73 North, Suite 130
> Marlton, New Jersey 08053-3425

SALMON, RICCHEZZA, SINGER & TURCHI, LLP

By: _____
Zachary A. Ballard, Esquire
Arnold E. Capriotti, Jr., Esquire
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
Attorneys for Defendants,
Jurko A. Seiberlich and
Buttercup Farms, Inc.

January 19, 2018